IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABIGAIL MILBOURNE CASTRO, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of the | : | |
| Social Security Administration, | : | |
| Defendant | : | NO. 11-2516 |

## ORDER

**AND NOW**, this _____ day of _____, 2012, after careful review and independent consideration of Plaintiff's request for review, Defendant's response thereto, Plaintiff's reply, and review of the Report and Recommendation of Carol Sandra Moore Wells, Chief United States Magistrate Judge, it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. The Plaintiff's Request for Review is **GRANTED**; and

3. The case is **REMANDED** to the Commissioner of the Social Security Administration pursuant to sentence four of 42 U.S.C. § 405(g), so that the Administrative Law Judge ("ALJ") can conduct additional proceedings consistent with the Report and Recommendation. Specifically, upon remand, the ALJ shall reassess Plaintiff's credibility by correctly evaluating all relevant evidence in the record and refraining from injecting his medical opinions into his evaluation of her credibility.

It is so **ORDERED**.

BY THE COURT:

_____
CYNTHIA M. RUFE  J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABIGAIL MILBOURNE CASTRO, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of the | : | |
| Social Security Administration, | : | |
| Defendant | : | NO. 11-2516 |

## ORDER

AND NOW, this         day of                    , 2012, it is hereby **ORDERED** that Judgment is **ENTERED** in favor of Plaintiff Abigail Milbourne Castro and against Defendant Michael J. Astrue, Commissioner of the Social Security Administration.

It is so **ORDERED**.

BY THE COURT:

_____
CYNTHIA M. RUFE, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABIGAIL MILBOURNE CASTRO, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of the | : | |
| Social Security Administration, | : | |
| Defendant | : | NO. 11-2516 |

## REPORT AND RECOMMENDATION

CAROL SANDRA MOORE WELLS
CHIEF UNITED STATES MAGISTRATE JUDGE

February 27, 2012

Abigail Milbourne Castro ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act. Plaintiff has filed a brief in support of her request for review, the Commissioner has responded to it and Plaintiff has filed a reply brief. For the reasons set forth below, it is recommended that the case be REMANDED to the Commissioner for further proceedings consistent with this report and recommendation and that Judgment be entered in favor of Plaintiff and against Defendant.

## I. PROCEDURAL HISTORY[1]

On January 31, 2008, Plaintiff applied for DIB and SSI, based upon disability since November 15, 2004. (R. 15). The claim was denied initially therefore, Plaintiff requested a hearing. *Id.* On September 4, 2009, Plaintiff, represented by her current counsel, appeared before Richard A. Kelly, Administrative Law Judge ("ALJ"), for an administrative hearing; Plaintiff and Nancy

---

[1] The court has reviewed and considered the following documents in analyzing this case: Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Brief in Reply to Defendant's Brief in Response to Plaintiff's Request for Review ("Rep."), and the administrative record. ("R.").

Harder, a vocational expert ("VE"), testified at the hearing. (R. 27-63). On November 24, 2009, the ALJ, using the sequential evaluation process for disability,[2] issued an unfavorable decision. (R. 15-23). On February 15, 2011, the Appeals Council denied Plaintiff's request for review, making the ALJ's findings the final determination of the Commissioner. (R. 1-3). This case was referred to the undersigned by the Honorable Cynthia M. Rufe, under the authority of 28 U.S.C. § 636(b)(1)(B), for preparation of a report and recommendation.

## II. FACTUAL BACKGROUND

A. <u>Personal History</u>

Plaintiff, born on April 10, 1973, was 36 years old at the time of the administrative hearing. (R. 19). She completed two years of post-secondary technical education and has past relevant work as a residential group home aide, quality assurance worker, manager at a salad dressing plant and a teacher's aide. (R. 33-40). Plaintiff is married and lives with her husband and six children, who

---

[2]The Social Security Regulations provide the following five-step sequential evaluation for determining whether or not an adult claimant is disabled:

> 1. If claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).
>
> 2. If claimant is found not to have a severe impairment which significantly limits his or her physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. §§ 404.1520 (c), 416.920(c).
>
> 3. If claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).
>
> 4. If claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).
>
> 5. The Commissioner will determine whether, given claimant's residual functional capacity, age, education and past work experience in conjunction with criteria listed in Appendix 2, he is or is not disabled. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g).

range from 20 years of age to six months. (R. 32-33).

B. <u>Plaintiff's Testimony</u>

At the September 4, 2009 administrative hearing, Plaintiff testified about her limitations. (R. 31-57). She has daily migraine headaches, which cause her to stay in a dark closet for several hours each day. (R. 49-50). These migraines cause various symptoms including: diarrhea, vomiting, poor appetite and sleep disturbance. (R. 51).

Plaintiff takes a number of medications to relieve her migraines. She uses Vicodin[3] once a day to reduce, for a couple of hours, migraine pain. (R. 42). Also, Plaintiff takes the maximum recommended dosage of Topamax,[4] which causes serious side effects, including significant nausea, dizziness, appetite suppression and an altered sleep pattern (wherein she sleeps more during the day than at night). (R. 41, 56). Approximately once a week, she receives Imitrex[5] injections to relieve her migraine pain; this treatment usually "knocks [her] out." (R. 42). When Plaintiff's pain is excessive, she goes to the hospital to receive a Dilaudid[6] injection. (R. 44, 46-47). In May, June and August prior to the hearing, she went to the hospital for Dilaudid injections. (R. 46-48). The May injection only provided two days of relief. (R. 48).

Plaintiff's older children attend college at night. (R. 50). Hence, they are able to care for their younger siblings during the day, while Plaintiff's husband is at work. (R. 50). Plaintiff cleans once or twice a week; her husband and older children do all other household chores. (R. 56). On

---

[3]Vicodin contains hydrocodone and acetaminophen; it is an opiate (narcotic) analgesic used to treat moderate to severe pain. *MedlinePlus* available at http://www.nlm.nih.gov/medlineplus/druginfo/meds/a601006.html.) (accessed on Feb. 21, 2012).

[4]Topamax helps prevent migraine headaches, but does not relieve the pain once one occurs. *MedlinePlus* available at http://www.nlm.nih.gov/medlineplus/druginfo/meds/a697012.html.) (accessed on Feb. 21, 2012).

[5]Imitrex does not prevent migraine headaches, but treats migraine symptoms such as pain, nausea and sensitivity to sound and light. *MedlinePlus* available at http://www.nlm.nih.gov/medlineplus/druginfo/meds/a696023.html.) (accessed on Feb. 21, 2012).

[6]Dilaudid contains hydromorphone, a strong analgesic. *MedlinePlus* available at http://www.nlm.nih.gov/medlineplus/druginfo/meds/a601148.html.) (accessed on Feb. 21, 2012).

a typical day, Plaintiff awakens at 11:30 a.m., fixes and eats breakfast, then lays down until her husband returns home from work at 4:00 p.m. (R. 51). Plaintiff greets her husband and sleeps until 6:00 p.m., when she eats the meal her husband prepared for her. (R. 51-52). Later, she and her husband sometimes watch a movie together. (R. 52).

C.  Vocational Testimony

The VE was asked to consider a hypothetical individual of Plaintiff's age, education and past work experience, who could perform light work in a low stress environment. (R. 59). The VE responded that this person could not perform any of Plaintiff's past work but could do general clerical work, of which there were 27,000 positions locally and 1.9 million positions nationally. (R. 60). The VE further indicted that, if the same hypothetical person truly had all the limitations Plaintiff gave testimony about, she could not work, simply based on Plaintiff's asserted need to stay in her closet for several hours a day. (R. 60-61). Plaintiff's counsel did not ask the VE any questions. *See* R. 61-63.

### III.  THE ALJ's FINDINGS

In his decision, the ALJ rendered the following relevant findings:

1. [Plaintiff] meets the insured status requirements of the Social Security Act through December 31, 2009.

2. [Plaintiff] has not engaged in substantial gainful activity since November 15, 2004, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. [Plaintiff] has the following severe impairment: migraines (20 CFR 404.1520(c) and 416.920(c)).

5. After careful consideration of the entire record, the undersigned finds that [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) in that [Plaintiff] is able to

       lift/carry up to 20 pounds occasionally and 10 pounds frequently; stand and walk at least 6 hours in an 8-hour workday; and sit at least 6 hours in an 8-hour work day. [Plaintiff] requires work in a low stress, stable environment.

6.    [Plaintiff] is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7.    [Plaintiff] was born on April 10, 1973 and was 31 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

10.    Considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 404.1569, 404.1569(a), 416.969, 416.969(a)).

11.    [Plaintiff] has not been under a disability, as defined in the Social Security Act, from November 15, 2004 through the date of this decision (20 CFR 404.1520(g) 416.920(g)).

(R. 17-18, 21-23).

## IV.   DISCUSSION

A.   <u>Standard of Judicial Review</u>

     Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed if they are supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). It is more than a mere scintilla of evidence but may be less than a preponderance. *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ and the court should grant

deference if the ALJ's findings of fact are supported by substantial evidence even when the court, acting *de novo*, might have reached a different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). On the other hand, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B.     <u>Burden of Proof in Disability Proceedings</u>

In order to be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. Under the second method, Plaintiff must initially demonstrate that a medically determinable disability prevents her from returning to past employment. *See Brown v. Bowen*, 845 F.2d at 1214. If Plaintiff proves that her impairment results in functional limitations to performing her past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff is capable of performing given her age, education, and work experience. *See Poulos*, 474 F.3d at 92; *Mason v. Shalala*, 994 F.2d 1058, 1064

-6-

(3d Cir. 1993).

C. <u>Review of the Administrative Law Judge's Decision</u>

Applying the sequential evaluation process, the ALJ determined that Plaintiff could not perform her past relevant work, but could perform other work in the national economy, and, therefore, denied her applications for DIB and SSI benefits. (R. 15-23). Plaintiff maintains that the ALJ: (1) improperly evaluated her credibility; and (2) rendered an ambiguous residual functional capacity assessment. Pl. Br. at 3-7. The Commissioner requests that the court affirm the ALJ's finding that Plaintiff is not disabled. Resp. at 3-12.

1. <u>The ALJ Improperly Evaluated Plaintiff's Credibility</u>

Plaintiff maintains that the ALJ improperly evaluated her credibility, because he ignored evidence that corroborated Plaintiff's testimony and, instead, relied upon his unsupported assumptions. Pl. Br. at 3-6. The Commissioner responds that the ALJ reasonably discredited Plaintiff. Resp. at 5-11. However, this court finds that the ALJ engaged in unwarranted speculation about Plaintiff's diagnosis and prognosis.

The ALJ concluded that Plaintiff was not fully credible because he believed that she engaged in "drug-seeking behavior." (R. 21). If fully credited, Plaintiff would have been disabled. *See* R. 61. Furthermore, the ALJ stated that if Plaintiff had:

> followed the recommendation of eliminating the narcotic medication it is most likely that the headaches would have cleared away. Not doing so is tantamount to non-compliance with medical treatment and is grounds for denial of this application.

(R. 21).

This rationale is flawed. First, the ALJ failed to identify record evidence to support his conclusion that Plaintiff was engaged in "drug-seeking behavior." *See Fargnoli v. Massanari*, 247

-7-

F.3d 34, 44 n.7 (3d Cir. 2001) (explaining that the district court may not search the record to identify evidence, ignored by the ALJ, which is supportive of the ALJ's conclusion). Instead, the ALJ incorrectly concluded that Plaintiff was instructed not to use narcotic pain medication. (R. 21). He cited no evidence to support this conclusion, *see* R. 21, and the only medical record which expresses concern about Plaintiff's use of narcotics is the following:

> Our impression at this time is that [Plaintiff] is suffering from migraine but is also suffering from significant rebound headaches from her over use of narcotic analgesics. At this time we would recommend that she discontinue taking any further narcotics other than what we are prescribing.

(R. 234). This treatment note, from treating neurologist David S. Roby, M.D., and neurology resident Paul Matthew, M.D., does not instruct Plaintiff to discontinue use of all narcotics. Rather, it recommends that Plaintiff take only those narcotics which they prescribed to her.[7] Furthermore, in July 2009, Dr. Roby recommended that Plaintiff use Percocet,[8] a narcotic, as needed, for "severe refractory headaches." (R. 301.). The ALJ's rationale, thus based upon a mistake, cannot be accepted. *See Mason*, 994 F.2d at 1066.

Moreover, the record does not disclose that the ALJ is trained to detect drug-seeking behavior or diagnose and treat migraines; hence, his assertions that Plaintiff engaged in such conduct and, had she not, her migraines would have resolved, is without any merit. In short, the ALJ's evaluation of Plaintiff's credibility rests upon his mis-reading of the record and improperly substituting his unfounded medical opinions. Accordingly, this case should be remanded so that the ALJ can

---

[7]Moreover, even if the ALJ had correctly read Drs. Roby and Matthew's letter, there is no evidence in the record that the ALJ has the requisite medical training to opine about whether Plaintiff's migraine headaches would have "cleared away" if she had refrained from taking narcotic pain medication. The letter implies the opposite because it states that the narcotics are not causing the migraine headaches but, instead, are causing rebound headaches. *See* R. 234.

[8]Percocet contains acetaminophen and oxycodone, which is a narcotic analgesic used to relieve moderate to severe pain. *MedlinePlus* available at http://www.nlm.nih.gov/medlineplus/druginfo/meds/a682132.html.) (accessed on Feb. 22, 2012).

properly evaluate Plaintiff's credibility, without assuming the role of a doctor qualified to diagnose and treat her migraines.

### 2. The ALJ Reached a Clear Residual Functional Capacity Finding

Plaintiff asserts that the ALJ's determination of her residual functional capacity was ambiguous. Pl. Br. at 6. The Commissioner correctly responds that this assertion of error lacks merit. Resp. at 11-12.

The ALJ found that Plaintiff had the ability to perform light work in a "low stress, stable environment." (R. 18). Plaintiff asserts that the phrase, "low stress, stable environment," is vague and caused the VE to "make her own assumptions about what the ALJ meant by those terms." Pl. Br. at 6. This court does not agree. The VE had listened to Plaintiff's testimony and, therefore, contextually understood the "low stress" limitation without further clarification. *See* R. 59-60. The VE's response that the hypothetical person could perform general clerical work is valid. (R. 60). Plaintiff is unpersuasive in manufacturing ambiguity where none exists.

## V. CONCLUSION

After a thorough review of the record, this court finds that the Commissioner's final decision is flawed by reversible error. Accordingly, I make the following:

## RECOMMENDATION

**AND NOW**, this 27th day of February, 2012, I respectfully recommend that:

1. The Report and Recommendation be **APPROVED** and **ADOPTED**;

2. The case be remanded to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), so that the ALJ can reassess Plaintiff's credibility by correctly evaluating all relevant evidence in the record and refraining from injecting his medical opinions into his evaluation of her credibility.

3. Judgment be **ENTERED** in favor of Plaintiff and against the Commissioner of the Social Security Administration.

It be so **ORDERED**.

*Carol S. Wells*
CAROL SANDRA MOORE WELLS
Chief United States Magistrate Judge