IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ABIGAIL MILBOURNE CASTRO,** : | |
| Plaintiff, : | **CIVIL ACTION** |
| : | **NO. 11-2516** |
| v. : | |
| : | |
| **MICHAEL J. ASTRUE,** : | |
| **Commissioner of the Social Security Administration,** : | |
| Defendant. : | |
| : | |

**ORDER**

**AND NOW**, this 4th day of June 2012, upon careful and independent consideration of Plaintiff's Motion for Summary Judgment and Brief and Statement of Issues [Doc. No. 12], Defendant's Response [Doc. No. 15], Plaintiff's Reply [Doc. No. 16] and the administrative record, and upon review of the Report and Recommendation ("R&R") of Chief United States Magistrate Judge Carol Sandra Moore Wells [Doc. No. 17], to which there were no objections filed by either party, it is hereby **ORDERED** as follows:

1. The Clerk of Court is **DIRECTED** to remove this action from the suspense docket and return it to the active docket;

2. The Report and Recommendation [Doc. No. 17] is **APPROVED** and **ADOPTED**;

3. Plaintiff's request for review is **GRANTED**;

4. This matter is **REMANDED** to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with the R&R;[1] and

---

[1] Judge Wells correctly concludes that the record contains insufficient evidence to support the findings of the Administrative Law Judge ("ALJ") that Plaintiff's headaches are "caused by overuse of medication" alone, that "[t]here is simply no other explanation for the headaches in the file," or that, if Plaintiff had eliminated narcotic medication, "it is most likely that the headaches would have cleared away." (R.21) In support of those findings, the ALJ appears to have relied on just two sentences – and selectively from those sentences, at that – suggesting that Plaintiff suffers from "rebound" headaches caused by excessive narcotic medication. See R.234 (stating Dr. Roby's impression at the time that Plaintiff was "suffering from migraine but is also suffering from significant rebound headaches from her over use of narcotic analgesics," and recommending that she discontinue narcotics other than

5.   The Clerk of Court is **DIRECTED** to close this case.

It is so **ORDERED**.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**
_____
**CYNTHIA M. RUFE, J.**

---

those prescribed by Dr. Roby) and R.277 (stating that Dr. Binning "strongly alerted [Plaintiff] about the rebound headaches as well as the potential addiction with" medications prescribed by Dr. Binning, which included Demerol, Phenergan, Esgic, and Topomax).  In concluding that there is "no other explanation" for Plaintiff's headaches, the ALJ ignored a medical record of more than 200 pages documenting Plaintiff's lengthy history of migraines, and her treating physicians' continued prescription of narcotic painkillers.  As Judge Wells recommends, remand is appropriate for the ALJ to reassess Plaintiff's credibility by evaluating *all* evidence in the record relevant to the causes of Plaintiff's headaches, and by refraining from drawing his own medical conclusions as to Plaintiff's prognosis.  On remand, the Court recommends that a medical expert be present at the hearing to assist the ALJ in evaluating Plaintiff's medical history.